UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN EINES, | ) |
|       Plaintiff, | ) ) ) |
|     v. | )    No. 1:21-cv-00354-JPH-MPB ) |
| MAYNARD, EDMONDS, SERGEI, ZATECKY, ARAMARK CORRECTIONAL SERVICES LLC, | ) ) ) ) ) ) |
|       Defendants. | ) |

**Order Denying Without Prejudice Motion for Assistance with Recruiting Counsel**

Plaintiff, Brian Eines, has filed a motion for assistance recruiting counsel. Dkt. 76. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'"

1

*Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; ; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion).

Plaintiff has attempted to contact multiple attorneys with requests for representation without success. Dkt. 76 ¶ 7. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt*, 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Plaintiff is competent to litigate this matter. His filings have been comprehensible, and he has demonstrated an ability to prosecute his case. *See* dkts. 55, 59, 60 (Motions to Produce

Discovery). This case involves conditions of confinement claims related to whether food was properly stored and served. Mr. Eines can testify to the facts supporting these claims. While the record, at this time, does not explicitly reflect Plaintiff's communication skills, educational level, litigation experience, or psychological history, the Court has not had difficulty understanding his filings.

Plaintiff argues appointment of counsel is necessary because he has had difficulty obtaining discovery. However, Plaintiff's difficulties in managing discovery are no different from other litigants in his position. Plaintiff also asserts he should receive counsel because he has since been transferred to a different facility. However, this has not thwarted Plaintiff's discovery efforts such that counsel is required at this time. In fact, Plaintiff has filed several discovery motions and has obtained some success. *See* dkt. 78 (Order directing Defendants to produce responses to Plaintiff's request).

At this stage in the proceeding, the Court finds Plaintiff is competent to litigate his claims. Plaintiff's motion to appoint counsel, dkt. [76], is therefore **denied without prejudice**. The **clerk is directed** to send Plaintiff a motion for assistance recruiting counsel form, and Plaintiff can renew his motion if he so chooses. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial.

**SO ORDERED.**

Date: 12/19/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRIAN EINES
988189
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Greencastle, IN 46135
Electronic Service Participant – Court Only

Carlton Wayne Anker
Lewis and Wilkins LLP
anker@lewisandwilkins.com

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com

Georgianna Q. Tutwiler
HUME SMITH GEDDES GREEN & SIMMONS
gquinn@humesmith.com