UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN EINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00354-JPH-MPB |
| ) | |
| MAYNARD, ) | |
| EDMONDS, ) | |
| SERGEI, ) | |
| ZATECKY, ) | |
| ARAMARK CORRECTIONAL SERVICES LLC, ) | |
| ) | |
| Defendants. ) | |

**Order Denying Motion for Preliminary Injunction
and Temporary Restraining Order**

Plaintiff Brian Eines, an inmate at Putnamville Correctional Facility, was previously housed at Pendleton Correctional Facility. He alleges in this civil rights suit that various Pendleton Defendants violated his Eighth Amendment rights by serving him unsanitary and contaminated food. Before the Court is Mr. Eines's motion for a preliminary injunction and temporary restraining order. For the reasons that follow, his request is **denied**.

**I. Background**

In November 2020, Mr. Eines was allegedly served unsanitary and contaminated food at Pendleton, and so he brought this lawsuit against three Pendleton guards, Pendleton's Warden, and Pendleton's corporate food provider. While this lawsuit was pending, Mr. Eines was transferred to Putnamville Correctional Facility. That is where Mr. Eines is currently housed.

Pendleton's Warden in November 2020 was Dushan Zatecky. He is named as a Defendant in this case. At some point after the contamination event but before Mr. Eines was transferred, Mr.

1

Zatecky was named the Warden of Putnamville. As it stands, Mr. Eines is housed at Putnamville, and Mr. Zatecky is the Warden at Putnamville. *See* Dkt. 99 ¶¶ 1, 3, 11, 12.

## II. The Motion for Injunctive Relief

Mr. Eines states that since he has arrived at Putnamville, he has encountered multiple situations of intimidation, excessive force, and humiliation, and he believes Warden Zatecky is responsible. *Id.* ¶¶ 15, 16. Mr. Eines contends (1) he received rotten food in August 2022 when no other inmates did; (2) he was required to strip in a humiliating fashion in September 2022 after being ordered to clean up a spill; and (3) he was subject to excessive force and held at gun point in October 2022 while being transferred to his dermatology appointment. *Id.* Mr. Eines has attempted to grieve these issues, but his grievances are being obstructed by Warden Zatecky. *Id.* ¶ 17. Mr. Eines fears for his life and his safety. *Id.* ¶ 16. He also fears he will continue to be targeted. *Id.* Mr. Eines requests to be transferred to a different facility.

## III. Discussion

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

However, the Court will not address the three threshold elements because, as a preliminary matter, a request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the

merits can be held." (cleaned up)); *see also De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.").

Here, Mr. Eines is proceeding on claims that various Pendleton Defendants violated his Eighth Amendment rights by serving him unsanitary and contaminated food. Dkts. 1; 8. His request for injunctive relief is based on separate claims that Warden Zatecky is now retaliating against him and directing others to retaliate against him. Mr. Eines's request for injunctive relief is based on issues entirely different from the issues in Mr. Eines's underlying complaint. Accordingly, injunctive relief is not proper. *De Beers*, 325 U.S. at 220; *see also Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) ("[T]he movant must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (citations omitted); *Kaimowitz v. Orlando, Fla.,* 122 F.3d 41, 43 (11th Cir.1997) (same); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (same).

If Mr. Eines has been the subject of specific incidents of retaliation or intimidation, he may bring a separate lawsuit and seek injunctive relief in that case. But the Court cannot address those issues in this case.

### IV. Conclusion

For these reasons, Mr. Eines's motion for a preliminary injunction and temporary restraining order, dkt. [99], is **denied**. In recognition of Mr. Eines's concerns, the **clerk is directed** to send him a copy of the Court's form complaint along with a copy of this Order.

**SO ORDERED.**

Date: 1/18/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

BRIAN EINES
988189
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Greencastle, IN 46135
Electronic Service Participant – Court Only

Carlton Wayne Anker
Lewis and Wilkins LLP
anker@lewisandwilkins.com

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com

Georgianna Q. Tutwiler
HUME SMITH GEDDES GREEN & SIMMONS
gquinn@humesmith.com